IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEVI WOODERTS, JR., #29639-077, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1298-D |
| | ) | |
| UNITED STATES OF AMERICA, and | ) | |
| WARDEN FCI SEAGOVILLE, | ) | |
|     Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus brought by a federal inmate pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is presently incarcerated at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondents are the United States of America and the Warden of FCI Seagoville. The court did not issue process in this case, pending preliminary screening.

Statement of Case: On February 27, 1998, the court sentenced Wooderts to an aggregate term of 240 months imprisonment for altering or removing motor vehicle identification numbers and aiding and abetting. *See United States v. Wooderts*, 3:97cr054-D (N.D. Tex., Dallas Div.). Petitioner unsuccessfully challenged his conviction and sentence on direct appeal and in a post-conviction proceeding pursuant to 28 U.S.C. § 2255. He subsequently sought authorization to

file a successive motion to vacate, which the Fifth Circuit Court of Appeals denied. In 2005, he filed a habeas action under 28 U.S.C. § 2241 pursuant to the savings clause of § 2255, challenging the constitutionality of his sentence under *Apprendi*, *Blakely* and *Booker*. *See Wooderts v. Warden*, No. 3:05cv0842-D (N.D. Tex.). The District Court dismissed the petition for lack of jurisdiction, and the Fifth Circuit dismissed the appeal as frivolous. *Id.*[1]

In this action, Petitioner again seeks relief under § 2241 pursuant to the savings clause of § 2255. He alleges that he is actually innocent of the sentence imposed by the trial court. (Memorandum at 2). Specifically, he asserts the sentencing guidelines are unconstitutional, counsel rendered ineffective assistance, and the district court erred in sentencing him under such unconstitutional guidelines.

<u>Findings and Conclusions:</u> A motion under 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000)); *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)); *see also Padilla*, 416 F.3d at 426. Under the "savings clause" of § 2255(e), a prisoner must show that the § 2255

---

[1] During the last thirteen years, Petitioner has filed many other habeas actions in this court challenging his prior state conviction and sentence, the denial and revocation of his state parole, and the manner of execution of his federal sentence. None of the claims addressed in those petition is at issue in this case.

remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.[2]

It is well established that the savings clause applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904; *see also Christopher*, 342 F.3d at 382.[3]

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. He cannot utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective); *Tolliver*, 211 F.3d 876, 878 (holding that successiveness does not make § 2255 ineffective or inadequate).

---

[2] The savings clause of § 2255(e) states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.
(Emphasis added).

[3] Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under § 2241. *See Padilla*, 416 F.3d 424, 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255."); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (same).

Nor can petitioner demonstrate that he was convicted of a nonexistent offense. *See Padilla*, 416 F.3d 424, 427. His petition is limited to challenging the constitutionality of the sentencing guidelines and the sentence that he received. Petitioner does not seek to establish that he is actually innocent of the charges against him or decriminalize the conduct for which he was convicted. As Petitioner challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of § 2255(e). *See Padilla,* 416 F.3d at 427. Therefore, Petitioner is not entitled to relief under § 2241 and his petition should be dismissed without prejudice for want of jurisdiction. *See Christopher*, 342 F.3d at 379 (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 remedy was inadequate or ineffective).

Even if the § 2241 petition were liberally construed as a motion filed pursuant to § 2255, the court would be without jurisdiction to consider the same. *See Pack*, 218 F.3d at 452 (the court must either construe his petition as arising under § 2255 or dismiss it). Because the Fifth Circuit has already denied petitioner authorization to file a successive motion to vacate, this court lacks jurisdiction to construe the instant petition as a motion to vacate under § 2255. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (holding that "the district court lacked jurisdiction to construe [a § 2241] petition as a § 2255 motion because [the petitioner] had not received prior authorization from [the court of appeals] to file a successive § 2255 motion").

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 4th day of September, 2008.

*WM. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.